IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN DIFRANCESCO and ANTHONY DIFRANCESCO, Individually and as Article 17-a Guardians of ANTONIO DIFRANCESCO<br><br>Plaintiffs,<br><br>v<br><br>EXPRESS SCRIPTS, INC.,<br><br>Defendant. | Case No. 09CV-0725 |

### DEFENDANT EXPRESS SCRIPTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Express Scripts, Inc. ("ESI"), by and through counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint respectfully states as follows:

1. ESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2. ESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3. ESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and therefore denies the same.

4. ESI admits that at all relevant times, ESI is and has been a corporation organized under the laws of the State of Delaware and has and has had its principal place of business located at One Express Way, St. Louis, Missouri, 63121. ESI denies all remaining allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. ESI admits that at all relevant times, ESI was a foreign corporation authorized to conduct business in the State of New York, and that Corporation Service Company, 80 State Street, Albany, New York 12207-2543 is listed as ESI's registered agent in New York.

6. ESI denies that it dispensed any medication prescribed for Anthony DiFrancesco. In further response to Paragraph 6 of Plaintiffs' Complaint, ESI affirmatively states that it is a pharmacy benefits manager, not a home delivery pharmacy. However, ESI's subsidiary, ESI Mail Pharmacy Service, Inc., provides home delivery of prescription pharmaceuticals to its members. ESI denies all remaining allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. ESI denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint. ESI incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

8. ESI denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint. ESI incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

9. ESI denies each and every allegation contained in Paragraph 9 of Plaintiff's Complaint. ESI incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

10. ESI denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint. ESI incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

11. ESI admits that it does not maintain a storefront location. ESI denies each and every remaining allegation contained in Paragraph 11 of Plaintiff's Complaint. ESI

SLC-3356982-3

incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

12. ESI denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint. ESI incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

13. ESI denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint. ESI incorporates by reference its response to Paragraph 6 of Plaintiff's Complaint as if fully set forth herein.

14. ESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15. ESI denies each and every allegation set forth in Paragraph 15 of Plaintiffs' Complaint.

16. ESI denies each and every allegation set forth in Paragraph 16 of Plaintiffs' Complaint.

17. ESI denies each and every allegation set forth in Paragraph 17 of Plaintiffs' Complaint.

ESI denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 17 of Plaintiffs' Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred in whole by the applicable statute of limitations, statute of repose, estoppel, waiver, laches, and/or other equitable doctrines.

SLC-3356982-3

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs failed to join other indispensable parties and, therefore, complete relief may not be accorded to those who are already parties to this action and Plaintiffs' possible failure to join all indispensable parties may result in prejudice.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. If Plaintiffs sustained any damages as alleged, which are specifically denied, the acts, omissions, or fault of Plaintiffs or others for whose conduct ESI is not responsible caused said damages, and ESI is entitled to an assessment of the relative degree of fault of all such persons and entities.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Any alleged damages sustained by Plaintiffs, if any, were caused or contributed to, in whole or in part, by the negligence or fault of third parties over whom ESI had no control and for whose conduct ESI is not responsible, and such negligence of other parties was the sole proximate cause of, or intervening, superseding, or insulating cause of Plaintiffs' alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred, at least in part, because Plaintiffs assumed the risk of any alleged injuries or damages arising out of the acts or occurrences alleged in Plaintiffs' Complaint.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claims are barred under the principles of informed consent.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SLC-3356982-3

8. Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of ESI, but rather, were the result of an unavoidable accident for which ESI is not responsible.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' alleged injuries and/or damages, if any, were not the result of any act or omission on the part of ESI, but exist by reason of the operation of nature or idiosyncratic reaction over which ESI had and has no control.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11. The injuries alleged in Plaintiffs' Complaint resulted from an intervening cause or a new and independent cause which is the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and the injuries alleged.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs may have been careless and negligent in the matter alleged, thereby causing and contributing to any injury, damage or loss to Plaintiffs. ESI requests that any finding of liability or judgment reflect that apportionment of fault that may be attributable to Plaintiffs.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. If Plaintiffs sustained injuries as a result of the medication at issue, which allegations are expressly denied, the injuries may have been caused by and attributable to a

possible unreasonable, unforeseeable, unintended and inappropriate purpose, improper use and/or abuse, which was made of the medication.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to take reasonable steps to mitigate their damages, if any.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. ESI satisfied all applicable legal duties and/or standards of care.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' claims are barred because ESI is a pharmacy benefit manager, not a home delivery pharmacy, and, to the extent any of ESI's subsidiaries filled the prescription(s) at issue, it accurately did so pursuant to the directives of Plaintiffs' prescribing physician.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

17. Upon information and belief, Plaintiffs' alleged injuries and/or damages, if any, were the result of preexisting or subsequent conditions that are unrelated to any alleged act of negligence or any alleged product provided to Plaintiffs by ESI.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

18. If the Plaintiffs receive full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then, while continuing to deny liability, ESI is entitled to liability protection to the full extent permitted by New York law, the one satisfaction rule, or other statutory or common law.

SLC-3356982-3

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19. If ESI is found liable, which liability is specifically denied, ESI is entitled to indemnity, contribution, and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and is further entitled to liability protection to the full extent permitted by New York law.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiffs claims are barred to the extent that Plaintiffs have failed to provide a certificate of merit in accordance with CPLR § 3012-a.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21. If Plaintiffs recover herein against two or more tort-feasors jointly liable and/or if the culpable conduct of any person not a party to this action is considered in determining any equitable share herein and if these defendants' liability is 50% or less of the total liability assigned, then ESI's liability for non-economic loss shall not exceed the equitable share as determined by each defendants' percentage of liability for non-economic loss pursuant to the joint liability provisions of the New York Civil Practice Law and Rules Article 16.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Upon information and belief, any past or future costs or expenses incurred or to be incurred by Plaintiffs for medical care, custodial care, property damage, or rehabilitative services, loss of earnings or any other economic loss, has been or will be with reasonable certainty replaced or indemnified in whole or in part from a collateral source as defined by Section 4545(a) of the New York Civil Practice Law and Rules, thereby precluding recovery for such loss herein.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

SLC-3356982-3

23.   In the event any damages are awarded against ESI, such damages shall be in accordance with CPLR Article 50 and any and all other New York law governing damages in medical malpractice claims.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.   ESI has yet to avail itself of its right to discovery, and does not fully know the circumstances of the alleged incident described in Plaintiffs' Complaint. Therefore, ESI hereby notifies Plaintiffs that, until ESI can avail itself of its right to discovery, it cannot be determined whether or not ESI will assert the above-stated affirmative defenses and/or other defenses at trial, or whether those will be the only such defenses asserted. Such defenses, however, are asserted in ESI's Answer and Affirmative Defenses to provide Plaintiffs with notice of ESI's intention to assert such defenses and to avoid any issue of waiver or any such defenses.

WHEREFORE, Defendant Express Scripts, Inc. prays that Plaintiffs' Complaint be dismissed on the merits and with prejudice at Plaintiffs' costs, for an award of its costs and attorneys' fees incurred in defending against Plaintiffs' Complaint, and for such further relief as this Court deems just and proper under the circumstances.

Dated: August 31, 2009

          Respectfully submitted,

By: s/Thomas V. Hagerty
THOMAS V. HAGERTY, ESQ.
HAGERTY & BRADY
69 Delaware Avenue, Suite 1010
Buffalo, NY 14202-3875
Telephone:   (716) 856-9443
Facsimile:   (716) 856-0511

and

HUSCH BLACKWELL SANDERS LLP
Jayson M. Clark

SLC-3356982-3

        Katherine H. Purdy
        190 Carondelet Plaza, Suite 600
        Clayton, MO 63105-3441
        Telephone: (314) 480-1500
        Facsimile: (314) 480-1505

*Attorneys for Defendant Express Scripts, Inc.*

SLC-3356982-3