UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CAROLYN DIFRANCESCO and
ANTHONY DIFRANCESCO, individually
and as Article 17-a Guardians of
ANTONIO DIFRANCESCO**

                     **Plaintiffs**          09-CV-0725A(Sr)

v.

**EXPRESS SCRIPTS, INC.,**

                     **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #9. Currently before the Court is plaintiffs' motion to remand this action to New York State Supreme Court, Erie County. Dkt. #11. For the following reasons, it is recommended that plaintiffs' motion be granted.

## BACKGROUND

Plaintiffs, residents of Williamsville, New York, commenced this action on July 8, 2009 by filing a Summons and Complaint with the Erie County Clerk's Office. Dkt. #11, ¶ 3. Plaintiffs allege that Antionio DiFrancesco suffered personal injuries due to the negligence of the defendant, Express Scripts, Inc., in filling a prescription. Dkt. #11, ¶ 4.

Defendant was served with the Summons and Complaint on or about July 28, 2009. Dkt. #11-3, ¶ 3. Defendant is a corporation incorporated in Delaware, with its

principal place of business in Missouri. Dkt. #11-3, ¶ 9. By letter dated August 14, 2009, defendant requested that plaintiffs advise whether they were seeking more than $75,000.00, exclusive of interest and costs, and if they were not, that they execute an enclosed affidavit affirming that the damages sought in the complaint did not exceed that amount. Dkt. #11-3, pp.22-24.

Defendant removed the action to this Court based upon diversity jurisdiction by Notice of Removal filed August 19, 2009. Dkt. #11-3, p.2 & ¶ 4. In support of removal, defendant asserted that

> Based on the allegations and the nature of the damages sought against Defendant . . . in Plaintiffs' Complaint, it reasonably appears that the amount in controversy with respect to Plaintiffs' claims, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Dkt. #11-3, ¶ 11.

Plaintiffs move to remand this action to New York State Supreme Court, Erie County, because this Court lacks jurisdiction inasmuch as the amount in controversy does not exceed $75,000.00, exclusive of interest and costs. Dkt. #11, ¶ 13. In support of their motion, plaintiffs affirm that the damages sought "do not exceed the sum of $75,000.00, exclusive of interest and costs." Dkt. #11-5, ¶ 4.

## DISCUSSION AND ANALYSIS

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 3017(c) of New York's Civil Practice Law and Rules ("CPLR"), forbids a plaintiff from including a demand for damages in the complaint, but provides a mechanism for the defendant to obtain such information. That statute specifically provides that

> In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction. Provided, however, that a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served. A supplemental demand served pursuant to this subdivision shall be treated in all respects as a demand made pursuant to subdivision (a) of this section.

CPLR § 3017(c). Section 3017(a) of the CPLR provides that, other than an action to recover damages for personal injuries or wrongful death, every complaint shall contain a demand for the relief to which the pleader deems himself entitled.

Since plaintiffs have responded to defendant's request for a supplemental demand setting forth the total damages to which plaintiffs deem themselves entitled by affirming that they are not demanding damages in excess of the minimum amount

-3-

required for this Court to exercise jurisdiction over plaintiffs' complaint, it is recommended that plaintiffs' motion to remand be granted.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that the motion to remand this action to the New York State Supreme Court, Erie County, be granted on the ground that this Court lacks original jurisdiction inasmuch as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED: Buffalo, New York
November 6, 2009

      <u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**